THOMAS J. MALIK, Judge Pro Tem.
This case arises out of an accident between two New Orleans Public Service buses. Plaintiff, Mrs. Irma Power Hassin-ger, a passenger on one of the buses, suffered personal injuries as a result of the accident. Suit was filed by her for her personal injuries against the defendants, New Orleans Public Service, Inc. and the two bus drivers. Her husband, Charles Hassinger, joined in the suit as a party plaintiff against the same defendants for the medical bills and other expenses incurred on behalf of the community. The defendants admitted their liability. After a trial on the merits, limited solely to the injuries and expenses of plaintiffs, the trial Court awarded Mrs. Hassinger the sum of $7,500.00 for her personal injuries. Mr. Hassinger was awarded the sum of $1,566.90 for the community expenses.
The sole question presented for this Court is to determine whether or not the trial judge abused his discretion in awarding plaintiff, Seven Thousand Five Hundred Dollars ($7,500.00) for plaintiff’s personal injuries.
Evidence discloses that the plaintiff was first examined by Dr. Solomn Winokur on May 19, 1970 The primary complaints were discomfort in the neck and upper back. Immediately following the accident she noticed discomfort in the neck and upper back but by the time she arrived at her home she started to notice discomfort of the right lower thoracic area posteriorly. Her chief complaints at that time presented a sensation in flexion and the upper back associated with pain of the right lower thoracic area.
The original medical opinion was that the plaintiff was suffering from muscular strain involving the lower thoracic area, however this was later amended to include an acute and chronic cervical and dorsal li-gamentous and muscle strain.
Plaintiff’s medical treatments include, 68 treatments at the office of Doctors Winok-ur and Garrett, both specialists in physical rehabilitation medicine, 17 visits at the office of Dr. James Webb, and 8 visits at the office of Dr. James Weilbaecher.
Counsel for the defendant has argued that Mrs. Hassinger did not see these doctors on every occasion, but was treated by or attended to by technicians. This argument is not valid as there is no showing that the treatment was not prescribed by the attending physician, and in fact the defendant has fully paid all fees for professional services rendered by the doctors. Further it is well recognised, that the medical profession must, in some areas depend on para-medical assistance to meet its demands.
On March 27, 1972, which was almost 2 years after the accident, the record revealed that the plaintiff still suffered from muscle tenderness in the lumbar region which was directly attributable to the accident. None of the physicians who treated the plaintiff who appeared in this matter gave the slightest suggestion that there was any malingering or attempt to mislead them. The defendant did call Doctor Rufus Allredge who testified that 1 month following the accident she could anticipate 30 to 45 days of additional discomfort, however, at the time of the trial he had not examined her further and some 2 years had transpired since his examination, but even this doctor conceded that the plaintiff could have been suffering from the injuries complained of and he did not feel that she was malingering.
Based on the medical testimony, the high number of treatments at the office of Dr. Winokur, and the period of rehabilitation this Court does not find the award so large as to offend the sense of justice, and in *85 fact such an award could have been expected.
The judgment of the trial court is therefore affirmed, Defendant-Appellant to pay all costs of this appeal.